## No. 12,601.

DUKE ET AL *v.* CREGAN.
(12 P. [2d] 354)

Decided June 6, 1932.

Mr. Lawrence E. Langdon, for plaintiffs in error.

Mr. E. F. Chambers, Mr. S. S. Packard, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

John F. Cregan, called herein the plaintiff, obtained a judgment against N. W. Duke and George H. Sweeney, called herein the defendants, rescinding a contract on the ground of false representations. Sweeney alone prosecutes this writ of error.

On March 30, 1927, the defendants, who were the sole owners of the capital stock of the Sage Transfer and Storage Company, a corporation, sold one-third of their holdings to the plaintiff for $20,000, which amount the plaintiff paid.

1. Counsel for the defendants contends that there was no false representation. In the written contract was this statement: "It is understood that the purchase of said interest in said business by party of the

first part is not made as the result of his own investigation of the books and business of said company, but in reliance upon representations of the parties of the second part, who, therefore, warrant the following representations upon which said purchase was made by party of the first part to be accurate: * * * that the net profits of said business for the past four years, after deducting all expenses including reasonable rental of the premises occupied by the company's business, has been as follows: 1923, $6,557.30; 1924, $6,743.60; 1925, $10,753.48; 1926, $8,166.92.'' As a matter of fact, those figures included bad debts as profits. If the bad debts had been deducted, as the plaintiff claims they should have been, the figures showing net profits would have been several thousand dollars less than those furnished to the plaintiff. By the term "net profit" is meant, ordinarily, "the gain that accrues on the investment, after deducting the losses and expenses of the business." Bouvier's Law Dictionary; *Stokes v. Walker,* 21 Ga. App. 630, 94 S. E. 841; *Park v. Grant Locomotive Works,* 40 N. J. Eq. 114, 3 Atl. 162; *Crawford v. Calkins,* 170 Mich. 587, 136 N. W. 369. Bad and uncollectible accounts are losses. *Crawford v. Calkins, supra.* Counsel for the defendants say that in the present case the words "net profits" were not used in the ordinary sense; that the insertion in the contract of the words "after deducting all expenses including reasonable rental of the premises occupied by the company's business" shows that the figures given as net profits were arrived at by deducting from the gross receipts the expenses, but not the bad debts, and was notice to the plaintiff that such was the case. One of the defendants testified that he explained to the plaintiff that the figures were arrived at in that manner, but the plaintiff testified, and the court found, that no such explanation was made.

The value of the tangible assets of the business was two or three thousand dollars less than the plaintiff paid for only a one-third interest. The company does not, as

do some companies, have a stock of merchandise, the value of which may be ascertained by inspection and by taking an inventory. It is a service company, and to enable the plaintiff to form an idea of its probable future net profits and the probable return on his proposed investment, accurate information concerning the net profits made in past years was of the utmost importance.

It is not necessary to review the mass of evidence on the subject. It is sufficient to say that the evidence sustains the trial court's finding that in the contract the words "net profits" were used in their ordinary sense, namely, as meaning the gain that accrues on an investment after deducting losses and expenses; and also supports its further finding that the representation concerning the net profits was false. That being so, it is not necessary for us to discuss the plaintiff's contention that the figures given by the defendants made no allowance, as the plaintiff claims they should have done, for depreciation; nor need we discuss his further contention that the defendants orally represented that in arriving at the net profits they had deducted rental in excess of $500 per month ($24,000 for four years), whereas, the proof was that the rental deducted during the four years was about $8,000 less than the amount represented, thereby showing the receipts of the business to be that much less than the plaintiff was led to believe they were.

2. Counsel for the defendants contends that the plaintiff did not rely upon the representation concerning net profits. The contract itself shows the contrary to be the fact. The trial court found that the plaintiff did rely upon such representation; and, as that finding is supported by the evidence, we cannot disturb it.

3. But, says counsel, even if such representation was made by the defendant and was relied upon by the plaintiff, the plaintiff, with knowledge of its falsity, or with such information as would put a reasonably prudent man upon inquiry, affirmed the contract, and therefore cannot have it rescinded.

The acts relied upon as an affirmance of the contract are the receipt of salary and the receipt of a $600 dividend on the stock. According to the trial courts finding, which is supported by the evidence, both were received before the plaintiff knew of the falsity of the representation, and before he had information putting him upon inquiry and charging him with knowledge thereof. Such finding is conclusive in this proceeding.

4. Counsel for the defendants complains that the decree does not require the return of the salary and the dividend. The plaintiff was employed by the Sage Transfer and Storage Company, not by the defendants, and the salary was paid by the company for services rendered by him to the company. He was under no obligation to return it to the company or to pay it over to the defendants. Nevertheless, because the plaintiff had received the dividend and the salary, the trial court, for the benefit of the defendants, disallowed interest on the $20,000 between March 30, 1927, the date when the purchase price was paid, and July 24, 1928, the date of the commencement of the suit. As the interest thus disallowed is about three and one-half times the amount of the dividend, the defendants are not in position to complain.

The judgment is just. It is affirmed.

Mr. Chief Justice Adams, Mr. Justice Moore and Mr. Justice Burke concur.